IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:

THOMAS SUPANCHICK,

Debtor(s).

CASE NO. BK23-40594-TLS

CHAPTER 7

**ORDER**

This matter is before the court on the debtor's motion to avoid the lien of the Aurora Cooperative Elevator Company (Fil. No. 11). No objection was filed.

The debtor seeks to avoid what he identifies as a judicial lien on his primary residence under 11 U.S.C. § 522(f)(1)(A), which permits a debtor to avoid the fixing of certain liens on the debtor's interest in property to the extent the lien impairs an exemption to which the debtor would be entitled.

According to the debtor's petition for Chapter 7 relief, Aurora Coop. holds a claim of $99,223.53 as the result of a state-court judgment. The debtor values his interest in his home at $126,885. The property serves as collateral securing a mortgage claim in the amount of $27,183.13; the debtor recently reaffirmed that debt. *See* Fil. No. 14. The debtor has claimed the Nebraska homestead exemption of $60,000.

Under § 522(f)(1)(A), the debtor bears the burden of proving he is entitled to the lien avoidance. *Waltrip v. Sawyers (In re Sawyers)*, 2 F.4th 1133, 1137 (8th Cir. 2021). "To avoid the fixing of a judicial lien on exempted property, a debtor must (1) establish the creation of an avoidable lien under § 522(f)(1); (2) that affixed to exempted property under § 522(b); and (3) that impaired a debtor's claimed exemption in the property." *Id.*

The statute sets out the formula for calculating the extent to which a lien impairs the homestead exemption:

    The amount of the judicial lien +
    The amount of all other liens on the property +
    The amount of debtor's homestead exemption absent any liens on property =
    Sum –
    The value of the debtor's interest in the property absent any liens =
    Extent of Impairment

11 U.S.C. § 522(f)(2)(A); *Sawyers* at 1140.

Under the circumstances of this case, it appears the debtor may be entitled to a partial avoidance of the alleged lien. However, the debtor has not met his burden of proof, as the record contains no evidence of a judicial lien on his property and fails to mention whether there are other interests secured by the property, such as the mortgage lien. Debtor also fails to propose a calculation of the extent of impairment.

IT IS ORDERED: The debtor's motion to avoid the lien of the Aurora Cooperative Elevator Company (Fil. No. 11) is denied without prejudice.

DATED: August 24, 2023

BY THE COURT:

/s/ Thomas L. Saladino     _
Chief Judge

Notice given by the court to:
    *Gregory M. Neuhaus
    Kara Ronnau

*Movant is responsible for giving notice to other parties if required by rule or statute.